Argued and submitted April 25, affirmed June 27, 1984

## STATE OF OREGON,
*Appellant,*

*v.*

## VIRGIL A. BELLES,
*Respondent.*

(C83-03-31373; CA A29718)

683 P2d 1027

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

The state appeals a pretrial order that dismissed an indictment. Defendant had reported that his property had been stolen, filed an insurance claim and collected $1,000 from the insurance company. Subsequently the company learned that defendant had disposed of the property himself. The state indicted defendant for theft. ORS 164.055. He executed a civil compromise agreement with the company and a promissory note agreeing to repay $1,000 in monthly installments of $25. *See* ORS 135.705(1).

The costs of prosecution and court-appointed counsel in the theft case were $432. The court ordered defendant to pay attorney fees and costs totaling $200 in monthly installments of $10 each and thereupon dismissed the indictment. The state argues that the court could not dismiss the indictment unless defendant first paid the full sum of $432.

ORS 135.705, provides:

"(1)  If the party injured at any time before trial on an accusatory instrument for the crime, acknowledges in writing receipt of satisfaction for the injury, the court may, in its discretion, *on payment of the costs and expenses incurred,* order the accusatory instrument dismissed; but the order and the reasons therefor must be entered in the journal.

"(2)  As used in this section, 'costs' includes expenses described in ORS 161.665(1)." (Emphasis supplied.)

ORS 161.665(1) provides:

"The court may require a convicted defendant to pay as costs those expenses specially incurred by the state in prosecuting the defendant. Costs include the compensation of counsel appointed pursuant to ORS 135.045 to 135.050 and expenses approved under ORS 135.055(5). Costs shall not include expenses inherent in providing a constitutionally guaranteed jury trial or expenditures in connection with the maintenance and operation of government agencies that must be made by the public irrespective of specific violations of law."

The court acknowledged that, under ORS 135.705(1), it "has to do what it has to do about costs, before the charge is dismissed." It noted, however, that ORS 135.705(2) refers to ORS 161.665(1) and stated that it should, therefore, consider all of 161.665,

"because if I didn't read it this way, I think the Compromise statute as worded would be unconstitutional.

"I can't visualize that the Legislature intended that an indigent defendant be required to pay costs to get a case civilly compromised, when an indigent defendant in another setting can get those costs waived."

ORS 161.665(3) provides:

"The court shall not sentence a defendant to pay costs unless the defendant is or may be able to pay them. In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."

The court's reasoning was correct. We think that it accords with legislative intent. Although ORS 135.705(1) states that the court must require "payment of costs and expenses incurred" before it dismisses an indictment, it shall determine the amount and method of payment and may then dismiss the indictment. Furthermore, if the court could not dismiss the indictment until a defendant of limited means paid in full the amount that the court determines, dismissal could be substantially delayed. We do not think that the legislature intended that the indictment should remain pending during that period.

Affirmed.